Doña Antonia Bruno Carlot, Vda. de Don Edgardo Vázquez Aguilar y sus hijos Rafael, Enriqueta Ramona, Edgardo Antonio José, Antonio Andrés y Eduardo Enrique Vázquez Bruno, quienes constituyen la actual sucesión de Don Rafael Vázquez, recurrentes, *v.* Registrador de Guayama, recurrido.

No. 687.—*Sometido:* Agosto 30, 1927. *Resuelto:* Noviembre 23, 1927.

Terrenos Públicos—Disposición *(Disposal)* de los Terrenos del Estado—Puerto Rico—Concesiones de Terrenos—Inscripción.—Para poder inscribir en el registro una concesión de terrenos baldíos, debe presentarse el título otorgado a favor del concesionario o copia auténtica del acuerdo de la concesión contentiva de todos los particulares de la misma. La simple nota dejada en un expediente de que la concesión se hizo y el título fué expedido, no es bastante.

Nota de *R. Pérez Mercado*, R. (Guayama), denegando inscripción de certificación sobre concesión de terrenos. *Confirmada.*

*F. Soto Gras* y *R. Díaz Collazo*, abogados de los recurrentes; el registrador recurrido no compareció.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Presentada en el Registro de la Propiedad de Guayama una certificación expedida por el Comisionado del Interior de Puerto Rico, basada en el expediente No. 93 titulado: "Salinas.—Don Rafael Vázquez, vecino de Guayama pidiendo cien cuerdas en el barrio de Aguirre de dicho partido

de Salinas'', a los efectos de inscribir las dichas cien cuer-
das a favor de los sucesores de Vázquez, el registrador se
negó a ello

"por observarse que de esa certificación no aparece transcripción al-
guna del acuerdo otorgando la concesión, ni el título expedido a te-
nor de la misma. . . . .''

No conforme la parte interesada, recurrió para ante esta
Corte Suprema.

A nuestro juicio las citas que hacen los recurrentes no
son aplicables. El registrador no ha negado autenticidad a
la certificación expedida por el Comisionado del Interior. Lo
que ha sostenido es que no contiene todo lo que es necesario
para verificar la inscripción. Y así es en efecto.

Después de transcribirse en la certificación los varios es-
critos del peticionario y los varios acuerdos relativos a los
mismos y a las mensuras, termina así:

"Junio 21 de 1867. Se acordó la concesión del terreno y que se
le expida el título.—En 26 de junio se libró el título.—En 27 de
junio se remitió el título por conducto del Alcalde de Salinas.''

¿Cómo es posible verificar una inscripción dominical sin
conocer los términos en que la concesión se hizo finalmente?
Todo lo más que puede demostrar la certificación presentada
en el registro es que en junio 21 de 1867 se acordó la conce-
sión y que cinco días después se expidió el título que fué
remitido al día siguiente al interesado por conducto del Al-
calde de Salinas. ¿Pero dónde constan los exactos términos
de la concesión? ¿Cómo puede juzgarse si contenía o no
todos los requisitos exigidos por las leyes y reglamentos
vigentes sobre la materia?

Si existe el acuerdo de la concesión, nada más sencillo
que presentar una copia certificada del mismo. Si el título
está en poder de los recurrentes, ¿por qué no presentarlo en
el registro? Si ambos han desaparecido, medios otorga la
ley para acreditar la desaparición y restablecer los hechos,
pero con una simple constancia en un expediente de que

una concesión se hizo y un título fué expedido y remitido, no hay base para una inscripción de la trascendencia de la que solicitan los recurrentes.

*Debe confirmarse la nota recurrida.*