SUCESIÓN VAZQUEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 774.—*Sometido:* Julio 12, 1929. *Resuelto:* Abril 30, 1930.

*F. Soto Gras* y *R. Díaz Collazo,* abogados del recurrente; el registrador recurrido compareció por escrito.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Por segunda vez viene este asunto ante el Tribunal Supremo. En 1927 se presentó en el Registro de la Propiedad de Guayama una certificación expedida por el Secretario del Interior a los efectos de inscribir cierta concesión de terrenos baldíos y el registrador negó la inscripción solicitada. Se recurrió por los interesados para ante este tribunal y la negativa fué confirmada, porque

"Para poder inscribir en el registro una concesión de terrenos baldíos, debe presentarse el título otorgado a favor del concesionario o copia auténtica del acuerdo de la concesión contentiva de todos los particulares de la misma. La simple nota dejada en un expediente de que la concesión se hizo y el título fué expedido, no es bastante." Vázquez Bruno v. Registrador, 37 D.P.R. 438.

Iniciaron entonces los interesados en la Corte de Distrito de San Juan un expediente *ad perpetuam rei memoriam* y en él obtuvieron una resolución favorable cuya parte dispositiva dice:

"POR TANTO, se decreta y ordena:

"1. Que ha sido satisfactoriamente probado que el título expedido por la Junta Superior de Repartimiento de Terrenos Baldíos, creada por Real Cédula de 28 de diciembre de 1818, a Don Rafael Vázquez, el día 21 de junio de 1867, de la finca que se describe en esta resolución, ha sido perdido o extraviado, no habiéndose encontrado en los archivos de la división de Terrenos Públicos del Departamento del Interior, ni en los otros sitios que se mencionan en esta resolución, donde pudieron hallarse.

"2. Que dicho título era idéntico en su contenido al expedido a Don Luis Cabaza que solicitó también 100 cuerdas contiguas a las pedidas por el causante de los promoventes.

"3. Que siendo ello así debe tenerse y se declara por reproducido el título de Don Rafael Vázquez en el contenido del título de Don Luis Cabaza que se inserta en esta resolución, para que surta los mismos efectos que el título original.

"4. Que el Registrador de la Propiedad de Guayama al recibo de una copia certificada de esta orden, de la copia certificada del expediente número 93 y de los otros documentos que acreditan la personalidad de los peticionarios, según ella queda justificada por la presente, debe inscribir y procederá a inscribir a nombre de los peticionarios o del causante de éstos y luego sus sucesivas transmisiones hereditarias, la finca que se describe arriba, por virtud del título que por la presente se declara reproducido en la forma antes dicha, como si su original hubiera sido presentado para su inscripción."

Presentada la resolución en el registro, el registrador negóse de nuevo a inscribir la concesión, por medio de la siguiente nota:

"DENEGADA la inscripción de la resolución que precede, con vista de otros documentos completamentarios, por las siguientes razones: 1°.: que el procedimiento *ad perpetuam rei memoriam* autorizado por los Arts. 2001 al 2009 de la Ley de Enjuiciamiento Civil para las islas de Cuba y Puerto Rico, promulgada por Real Decreto de 25 de septiembre de 1885, no es el adecuado para la declaración de derechos dominicales, en sustitución de la información de dominio que auto-

riza la Ley Hipotecaria vigente en su Art. 395, y aunque el procedimiento seguido se ha concretado a la reconstrucción de un título extraviado, tal reconstrucción, implica proveer e investir de título de propiedad sobre bienes inmuebles, de que antes carecían, a los interesados, infringiéndose por este medio el espíritu del Art. 2009 de dicha Ley de Enjuiciamiento Civil; 2º.: que aun en la hipótesis de que fuera legal la sustitución del procedimiento previsto en el Art. 395 de la Ley Hipotecaria, la Corte de Distrito de San Juan carecería de jurisdicción para la declaración de títulos con respecto a bienes inmuebles radicados en la municipalidad de Salinas, dentro del Distrito Hipotecario de Guayama, a tenor de lo dispuesto en el artículo citado, que limita la jurisdicción para los títulos declarativos de dominio a la Corte de Distrito donde radican los bienes; 3º.: que aun en la hipótesis de que fuera legal la sustitución del procedimiento previsto en el Art. 395 de la Ley Hipotecaria, los hechos que han dado lugar al procedimiento *ad perpetuam* seguido, no son de los que pueden ser objeto de tal expediente, por las siguientes razones: (a) porque causan perjuicio y afectan al Pueblo de Puerto Rico, que es persona cierta y determinada a los efectos del Art. 2002 de la Ley de Enjuiciamiento Civil citada, y (b) porque envuelven la declaración y reconocimiento de un derecho; 4º.: que cualquier procedimiento en virtud del cual se reconozca o declare un derecho en perjuicio de persona cierta y determinada, como en el caso de autos, sin ser aquélla citada, oída y vencida en juicio, es nulo y anticonstitucional por ser contrario al Art. 2 de la Ley Orgánica de Puerto Rico (Ley Jones) aprobada por el Gobierno Federal el 2 de marzo de 1917, en cuanto dispone que ninguna persona podrá ser privada de su propiedad sin un 'debido procedimiento de ley'; 5º.: que los expedientes *ad perpetuam* no son inscribibles en el Registro de la Propiedad por razón de que no causan estado, ni las resoluciones dictadas en los mismos adquieren en ningún momento el carácter de firmes; 6º.: que en el expediente seguido no se ha dado cumplimiento a los trámites establecidos en los Arts. 2002, 2003 y 2006 de la Ley de Enjuiciamiento Civil citada, por las siguientes omisiones: (a) no aparece que para admitir la información se oyera previamente al Fiscal del Distrito; (b) no aparece que la prueba se practicara con intervención de dicho funcionario, y (c) no aparece que el Fiscal radicara informe favorable a la aprobación del expediente, y 7º.: que en vista de las observaciones consignadas en los apartados 1, 2, 3, 4 y 6 que preceden, la Corte de Distrito de San Juan se excedió en su jurisdicción al admitir y aprobar este expediente, y según los términos en que está concebida, y las conclusiones que contiene, la resolu-

ción final, se excedió también en su jurisdicción al dar por probados los hechos objeto de la información y sacar o derivar de ellos consecuencias legales para beneficio de los promoventes, así como al decretar la inscripción de esta resolución en este Registro, motivos por los cuales dicho expediente es nulo y sin valor ni eficacia legales. . ."

Revela la nota un estudio tan cuidadoso del problema que se le presentara el registrador, que ella en verdad se sostiene por sí misma.

■ Estamos conformes con la recurrente en que quizá no sea el expediente de dominio el único procedimiento a su alcance en este caso, pero de todos modos si la concesión se hizo y el concesionario entró en posesión de las tierras y en ella permaneció, parece el más fácil y apropiado para inscribir su derecho en el registro.

■■ También lo estamos en que en casos apropiados el expediente *ad perpetuam* puede utilizarse para la reconstrucción de un documento extraviado, pero no en que sea el procedimiento para dictar órdenes como la contenida en el número 4 de la parte dispositiva de la resolución que hemos transcrito.

"La materia de tales informaciones," dice la Dirección General de los Registros de España, en su resolución de 15 de octubre de 1875, "no es ni puede ser la declaración de un derecho, sino la justificación de un hecho mientras no haya quien lo ponga en duda, sin que la autoridad judicial tenga otra intervención que la de autorizar y aprobar las diligencias y actuaciones practicadas."

Y en el tomo 1, páginas 437 y 438 de su "Legislación Hipotecaria," dice Morell:

"Las providencias dictadas por los Jueces en actos de jurisdicción voluntaria son revocables en cualquier tiempo, por lo que carecen de autoridad y firmeza de la cosa juzgada y no pueden constituir verdadero título de adquisición, ni ser inscribibles. (Resoluciones de 15 de octubre de 1875, 20 de noviembre de 1872 y 30 de mayo de 1877.)

"Con relación directamente a las informaciones *ad perpetuam,* la resolución de 24 de abril de 1914, niega que puedan acreditarse

por tal medio los llamamientos hechos para la sucesión de un mayorazgo, y la de 20 de diciembre del mismo año, declara que no pueden servir dichas informaciones para demostrar que una finca se halla inscrita en el Registro por formar parte de otra de mayor extensión, pues cabe que resulte perjuicio contra persona cierta y determinada que no ha sido oída.

"Las actas de deslinde judicial, dice la de 20 de marzo de 1901, sólo acreditan la determinación de los lindes de una finca; pero no justifican la propiedad ni la posesión de la misma.

"Debe entenderse, en vista de todas las citadas resoluciones, que los actos de jurisdicción voluntaria en general, y las informaciones *ad perpetuam* más determinadamente, no constituyen títulos inscribibles fundamentales, no sirven para justificar la adquisición de inmuebles ni derechos reales; pero pueden servir para otros fines distintos y ayudar a la inscripción de títulos principales. Así vemos que el art. 17 del reglamento actual, admite a inscripción las actas de deslinde al efecto propio de justificar los linderos de una finca; que la ley de Enjuiciamiento civil, entre los actos de jurisdicción voluntaria, comprende actos tan relacionados con el Registro, como los de enajenación de bienes de menores, apertura de testamentos, posesión judicial, apeos y prorrateos de foros etc., y que la Resolución de 9 de diciembre de 1893, estima que por medio de información *ad-perpetuam,* puede justificarse a los efectos de la inscripción, quiénes sean los hijos de determinada unión, nacidos después de otorgarse un testamento."

De acuerdo con la Ley de Enjuiciamiento Civil antigua estas informaciones *ad perpetuam* o *ad perpetuam rei memoriam* procedían *con tal que no se refirieran a hechos de que pudieran resultar perjuicios a una persona determinada,* y aquí es perfectamente claro que el Estado pudiera ser perjudicado por la resolución de que se trata, sin que pueda sostenerse que por haber intervenido el Comisionado del Interior, deba entenderse renunciado cualquier derecho que pudiera asistir al Pueblo. Las facultades de dicho funcionario no se extienden a renuncias de tal naturaleza.

*Debe confirmarse la nota recurrida.*